■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERMAN WILLIAMS, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Eiber, J.), rendered September 17, 1981, convicting him of criminal possession of a weapon in the third degree (two counts), criminal possession of stolen property in the first degree, unauthorized use of a motor vehicle, and criminal possession of a hypodermic instrument, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reversing the convictions of criminal possession of stolen property in the first degree and criminal possession of a hypodermic instrument, and vacating the sentences imposed thereon, and said counts of the indictment are dismissed. As so modified, judgment affirmed. As the People concede, they failed to establish that defendant had knowledge that the vehicle in which he was apprehended was stolen or that it contained hypodermic instruments. Consequently, as to those two charges, the People failed to prove defendant's guilt beyond a reasonable doubt (see Penal Law, §§ 165.50, 220.45). We have considered defendant's remaining contentions and find them to be without merit. Mollen, P. J., Thompson, Rubin and Boyers, JJ., concur.

■ In the Matter of BRYANT FISCHLER, a Suspended Attorney and Counselor at Law, Petitioner. — Petition by Bryant Fischler, a suspended attorney and counselor at law whose period of suspension has expired, for reinstatement to the Bar of the State of New York. Petition denied. Mollen, P. J., Titone, Lazer, Mangano and Brown, JJ., concur.

■ In the Matter of C. JOHN PRINCE, Petitioner. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS et al., Respondents. — Application by petitioner, a disbarred attorney, to (1) stay the investigation of said petitioner, which has been undertaken by the respondent Grievance Committee and (2) stay and enjoin the respondent Grievance Committee from taking any testimony from respondent Melvin Pine and enjoining him from so giving testimony. Application denied and proceeding dismissed. Mollen, P. J., Titone, Lazer, Mangano and Thompson, JJ., concur.